UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:07-cr-0120-LJM-DKL-1 |
| ) | |
| JOHN L. WHITNEY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On September 30, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 3, 2014. Defendant Whitney appeared in person with his/her appointed counsel, Mike Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Todd Schaefer.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Whitney of his rights and provided him with a copy of the petition. Defendant Whitney waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Whitney admitted the violations. [Docket No. 33.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1      **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

On July 9, 2014, the offender reported to the probation office to address quitting his job without previously securing other employment. During the meeting, he admitted both quitting his jobe and using marijuana. As a result, a urine sample was taken, he was provided employment search logs, and directed to return to the office July 14, 2014. The offender failed to call or report to the probation officer as directed on July 14, 2014.

After numerous unsuccessful attempts to reach the offender by telephone, on July 25, 2014, the offender left a voicemail for the probation officer, stating he "forgot" about the previously scheduled office visit. He also stated he moved, but did not provide an address.

On July 29, 2014, the probation officer made contact with the offender by phone. He reported he was still unemployed and was "living with a friend." The probation officer asked where he was staying and the offender stated he did not know the address. The probation officer then directed him to report to the office by 3:30 p.m. to take a urine test, update employment search efforts, and update his address. The offender failed to report as directed.

After numerous unsuccessful attempt so teach the offender via telephone, a certified letter was sent to the his last known address, 1818 Woodlawn Avenue, Indianapolis, directing him to report to the probation officer on August 20, 2014.

On August 20, 2014, the offender failed to call or report to the probation officer.

2      **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

From November 6, 2012, until June 30, 2014, the offender was employed as a laborer with ALSCO, a uniform and linen cleaning service in Indianapolis. The probation officer visited the offender and spoke with his superiors on several occasions.

On June 19, 2014, the probation officer spoke with the offender's supervisor during a random employment visit. The supervisor reported the offender

was working but unhappy because he was not promoted to a position he felt he deserved. He stated he has to be verbally reprimanded because he failed to report to work after not being promoted and did not follow the leave procedure. The offender's supervisor told the probation office he was not in danger of losing his job, they valued him as an employee, and he was a hard worker. After speaking with his supervisor, the probation officer met with the offender. He expressed his unhappiness with not being promoted. This officer acknowledged his frustration; however, he was advised that he was in no danger of losing his job, they have repeatedly stated he was a good employee, and he should not quit this job unless he has secured employment elsewhere. He stated he would not quit until he secured other employment.

On July 8, 2014, while the probation officer visited the offender at his residence, he advised he quit his job, did not give any notice, had not secured other employment, and was unemployed.

3   **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On July 29, 2014, the offender advised the probation officer via telephone he moved from his primary residence and was living with a friend. At that time he stated he did not know his current address. As of the date of this report, the offender has not provided the probation officer with a new address.

4   **"The defendant shall refrain from any unlawful use of a controlled substance."**

5   **"The defendant shall participate in a substance abuse treatment program which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

On March 24, 2014, the offender admitted to the probation officer he smoked marijuana. He denied the need for treatment and tested negative for illegal substances on April 9, 2014.

On July 9, 2014, the offender again admitted use of marijuana and provided a urine sample for testing which yielded positive results for marijuana. He was advised to return to the office on July 14, 2014, for a follow-up test and referral for treatment. He failed to report as directed.

On July 29, 2014, the probation officer spoke with the offender via telephone and directed him to report to the office for testing. He failed to appear as directed.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is V

   (c) The range of imprisonment applicable upon revocation of Defendant Whitney's supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The Court will make a recommendation to the Federal Bureau of Prisons for placement at USP Marion. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 09/30/2014

_Denise LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal